## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BASE ONE TECHNOLOGIES, INC.     *

Plaintiff     *

v.     *     Civil Action No. 8:18-cv-2646-PX

THAI DULA     *

Defendant     *

     ***

## <u>MEMORANDUM OPINION</u>

Pending before the Court is Plaintiff Base One Technologies, Inc.'s motion for temporary restraining order and preliminary injunction. ECF No. 2. For the reasons discussed below, the Court DENIES Plaintiff's motion.

On August 27, 2018, Plaintiff filed a complaint alleging that Defendant Thai Dula, a former employee, is working for a competing organization in violation of a non-compete agreement. ECF No. 1 ¶¶ 25–32. Prior to the issuance of any summons, Plaintiff moved for a temporary restraining order and preliminary injunction. ECF No. 2. Plaintiff does not certify that it has attempted to provide notice to Defendant. Instead, Plaintiff argues that notice is not necessary where injury is immediate and irreparable. ECF No. 2-1 at 9.

The district court retains broad discretion over entering temporary restraining orders "so long as the opposing party is given a reasonable opportunity, commensurate with the scarcity of time under the circumstances, to prepare a defense and advance reasons why the injunction should not issue." *U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 283 (4th Cir. 2006) (quoting *Ciena Corp. v. Jarrard*, 203 F.3d 312, 319 (4th Cir. 2000)). For a temporary restraining order to issue without notice, not only must there be irreparable injury, counsel for the movant must "certif[y] in writing any efforts made to give notice and the reasons why it

should not be required." Fed. R. Civ. P. 65(b)(1). "The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." *Parker v. Am. Brokers Conduit*, No. JKB-15-3652, 2015 WL 7751664, at *2 (D. Md. Dec. 1 2015) (quoting *Tchienkou v. Net Trust Mortg.*, No. 3:10-CV-00023, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010)).

Plaintiff's motion does not certify whether efforts were made to place Defendant on notice or reasons why notice should not be required. Accordingly, at this juncture, Plaintiff's motion for a temporary restraining order must be denied.[1] A separate order will follow.

 8/29/18_____                    _____/S/_____
Date                                                Paula Xinis
                                                    United States District Judge

---

[1] If Plaintiff wishes to have the *ex parte* motion considered on the merits, it may refile this motion in compliance with the requirements of Federal Rule of Civil Procedure 65(b)(1). If Plaintiff no longer wishes to have this motion considered *ex parte*, it may file a new motion that has been properly served upon Defendant and that otherwise complies with the requirements of Rule 65(b)(1).